UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>    v.<br><br>DANIEL DEJESUS CHON-BRIONES,<br><br>                            Defendant. | Case No. 2:03-cr-00171-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Defendant's Motion for Expungement (#21). The Government did not file a response. For the reasons stated below, Defendant's motion is denied.

I.     Analysis

Defendant argues that because the Indictment was dismissed, he is entitled to have his records expunged. (#21). Specifically, Defendant requests "that the Court issue a formal order that the arrest for the offenses, the institution of criminal proceedings against the defendant in Federal Court, and the results therefore, be expunged from all official records, except the nonpublic records to be retained by the Departments [sic] of Justice pursuant to 18 U.S.C. § 3607(b)." (#21, at 2).

There are two sources of authority by which courts may expunge records of criminal conviction: statutes and their inherent authority. United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). "By statute, Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." Id. Defendant argues that 18 U.S.C. § 3607(b) allows this Court to expunge his criminal record. (#21, at 2). The Court disagrees. 18 U.S.C. § 3607(b) states:

> "A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A

disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose."

Subsection (a) provides that a person found guilty of an offense described in 21 U.S.C. § 844 may be placed on pre-judgment probation for one year if certain conditions are met. 18 U.S.C. § 3607(a). Subsection (c) allows a court to expunge the records of a person found guilty of an offense under 21 U.S.C. § 844 when that person was less than twenty-one years old and subject to subsection (a)'s disposition. 18 U.S.C. § 3607(c). Here, Defendant was charged with one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), as such, 18 U.S.C. § 3607 is inapplicable to Defendant's argument.

In addition, "federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases." Crowell, 374 F.3d at 793. In criminal proceedings, "district courts possess ancillary jurisdiction to expunge criminal records." United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000). However, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correction a clerical error." Id. Here, Defendant makes no argument that his arrest was unlawful or that a clerical error needs correction, only that the Government dismissed the Indictment. (See #21). Simply arguing that the Indictment was dismissed, without more, is not a viable legal ground for expungement.

II.     Conclusion

Accordingly, **IT IS THEREFORE ORDERED** that Defendant's Motion for Expungement (#21) is **DENIED**.

Dated this 18th day of October 2023.

Kent J. Dawson
United States District Judge